UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| OHAD GAL a/k/a UDI GAL, et al., | |
| Plaintiffs, | CIVIL ACTION NO. 3:23-CV-01426 |
| v. | (SAPORITO, J.) |
| STATE FARM FIRE AND CASUALTY INSURANCE COMPANY, | |
| Defendant. | |

## MEMORANDUM

The plaintiffs commenced this action on July 17, 2023, in the Court of Common Pleas of Lackawanna County, alleging claims for breach of contract and statutory bad faith under Pa. Const. Stat. Ann. § 8371 against State Farm Fire and Casualty Insurance Company ("State Farm") for State Farm's denial of coverage pursuant to an agreed-upon policy between the parties. On August 25, 2023, State Farm timely removed the case to the United States District Court for the Middle District of Pennsylvania. (Doc. 1). On December 3, 2024, State Farm filed its motion for partial summary judgment concerning the plaintiffs' statutory bad faith claim. (Doc. 40). The parties have briefed the matter (Doc. 41; Doc. 44; Doc. 45; Doc. 46) and it is now ripe for review.

I.   Background[1]

On August 31, 2021, the plaintiffs purchased a property located in Jefferson Township, Pennsylvania. The property is not the plaintiffs' primary residence. The plaintiffs subsequently purchased a Homeowners Insurance Policy ("Policy") from State Farm for coverage at the subject property. Pertinent to this action, the Policy includes the following language:

> 1.   We will not pay for any loss to the property described in Coverage A that consists of, or is directly and immediately caused by, one or more of the perils listed in items a. through m. below, regardless of whether the loss occurs abruptly or gradually, involves isolated or widespread damage, arises from natural or external forces, or occurs as a result of any combination of these:
>
>> b.   freezing of a plumbing, heating, air conditioning, or automatic fire protective sprinkler system or of a household appliance; or discharge, leakage, or overflow from within the system of

---

[1] The facts of this cases are taken from State Farm's "Concise Statement of Material Facts." (Doc. 40-2). We must note, however, that while the plaintiffs have filed an answer to State Farm's "Concise Statement of Material Facts," the plaintiffs' answer does not line up with its paragraphs. The plaintiffs' answer states that "Paragraphs 8 to 32 are admitted as supplemented by Additional Facts[,]" but State Farm's statement only includes 28 paragraphs. However, rather than viewing the plaintiffs' response as a violation of Local Rule 56.1, we conclude that the plaintiffs intended to write "Paragraphs 8 to 28," rather than "Paragraphs 8 to 32."

> appliance caused by freezing. This does not apply if you have used reasonable care to:
>
>> (1) maintain heat in the building structure at 55 degrees Fahrenheit or higher; or
>>
>> (2) shut off the water supply and drain the system and appliances of water.

On January 14, 2023, the plaintiffs discovered a loss at the property concerning water damage. The plaintiffs reported that sometime before January 14, 2023, the property sustained water damage from leaked water pipes in the first-floor laundry room and the second room bathroom. The water damage had occurred due to multiple frozen pipes that had broken in the house. The plaintiffs reported this loss to State Farm on January 14, 2023.

While investigating the loss, State Farm's claim specialist, Roger Vanhouwe, analyzed the water utility records and determined that the loss likely occurred during a deep freeze over the weekend of December 24, 2022. Mr. Vanhouwe additionally noted that the plaintiffs' electric bills indicated that the plaintiffs' energy usage appeared inadequate to maintain the property at 55 degrees, as specified in the Policy. On January 26, 2023, Mr. Vahouwe inspected the property with the plaintiffs' mitigation contractor and subsequently retained Mike Zazula from

Zazula Forensics, LLC, to determine whether there was adequate heat in the property at the time of the loss.

On February 28, 2023, Mr. Zazula inspected the property, and on March 21, 2023, he emailed the plaintiffs several questions to assist with his investigation of the claim. Based on the plaintiffs' responses, Mr. Vanhouwe drafted a denial letter that the loss was not covered due to the plaintiffs' failure to maintain the property at 55 degrees and failure to drain the water lines, as required by the Policy. On April 5, 2023, State Farm's team manager, Mark Shumate, approved sending the denial letter to the plaintiffs.

The plaintiffs have brought claims for breach of contract and statutory bad faith under Pa. Const. Stat. Ann. § 8371 for State Farm's denial of coverage. (Doc. 1). In its motion for partial summary judgment, State Farm contends that the plaintiffs have failed to advance any evidence that State Farm acted in bad faith when denying the plaintiffs' coverage claim. (Doc. 41). The plaintiffs maintain that two of State Farm's failures in its investigation constitute bad faith.[2] (Doc. 45). For

---

[2] Specifically, the plaintiffs aver its bad faith claims stems from State Farm's failure to test or otherwise determine whether the house's
*(continued on next page)*

the reasons set forth below, we will deny the motion.

## II. Legal Standard

Rule 56 of the Federal Rules of Civil Procedure dictates summary judgment should only be granted if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is "material" only if it might affect the outcome of the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute of material fact is "genuine" only if the evidence "is such that a reasonable jury could return a verdict for the non-moving party." *Id.* at 248. In deciding a summary judgment motion, all inferences "should be drawn in the light most favorable to the non-moving party, and where the non-moving party's evidence contradicts the movant's, then the non-movant's must be taken as true." *Pastore v. Bell Tel. Co. of Pa.*, 24 F.3d 508, 512 (3d Cir. 1994).

Parties seeking summary judgment bear "the initial responsibility of informing the district court of the basis for its motion," and demonstrating the absence of a genuine dispute of material fact. *Celotext*

---

temperature exceeded 55 degrees in its investigation and State Farm's denial of the plaintiffs' claim without a final report from its engineer. (Doc. 45).

*Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If the movant makes such a showing, the non-movant must set forth specific facts, supported by the record, demonstrating that "the evidence presents a sufficient disagreement to require submission to the jury." *Anderson*, 477 U.S. at 251–52. A court must first determine if the moving party has made *prima facie* showing that it is entitled to summary judgment when evaluating such a motion. *See* Fed. R. Civ. P. 56(a); *Celotex*, 477 U.S. at 331. Only once that *prima facie* showing has been made does the burden shift to the nonmoving party to demonstrate the existence of a genuine dispute of material fact. *See* Fed. R. Civ. P. 56(a); *Celotex*, 477 U.S. at 331.

Parties may cite to "particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for the purposes of the motion only), admissions, interrogatory answers or other materials." Fed. R. Civ. P. 56(c)(1)(A). "An affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated." Fed. R. Civ. P. 56(c)(4). "Although evidence may be considered in a form which is

inadmissible at trial, the content of the evidence must be capable of admission at trial." *Bender v. Norfolk S. Corp.*, 994 F. Supp. 2d 595, 599 (M.D. Pa. 2014); *see also Pamintuan v. Nanticoke Mem'l Hosp.*, 192 F.3d 378, 387 n.13 (3d Cir. 1999) (noting that it is not proper, on summary judgment, to consider evidence that is not admissible at trial).

### III. Discussion

State Farm has moved for summary judgment on the plaintiffs' statutory bad faith claim pursuant to Pa. Const. Stat. Ann. § 8371, arguing that the record proves it had a reasonable basis to deny the plaintiffs' claim. *See generally* (Doc. 41). The statute provides that:

> In an action arising under an insurance policy, if the court finds that the insurer has acted in bad faith toward the insured, the court may take the following actions:
>
> > (1) Award interest on the amount of the claim from the date the claim was made by the insured in an amount equal to the prime rate of interest plus 3%.
> > (2) Award punitive damages against the insurer.
> > (3) Assess court costs and attorney fees against the insurer.

42 Pa. Cons. Stat. Ann. § 8371. Under Pennsylvania law,

> The term bad faith includes any frivolous or unfounded refusal to pay proceeds of a policy. For purposes of an action against an insurer for failure to pay a claim, such conduct imports a dishonest purpose and means a

> breach of a known duty (i.e., good faith and fair dealing) through some motive of self-interest or ill will; mere negligence or bad judgment is not bad faith. Therefore, in order to recover under a bad faith claim, a plaintiff must show (1) that the defendant did not have a reasonable basis for denying benefits under the policy; and (2) that the defendant knew or recklessly disregarded its lack of reasonable basis in denying the claim.

*Keefe v. Prudential Prop. & Cas. Ins. Co.*, 203 F.3d 218, 225 (3d Cir. 2000) (citations and internal quotation marks omitted). "These two elements–absence of a reasonable basis for denying a claim under the policy and knowledge or reckless disregard of the lack of such reasonable basis–must be proven by clear and convincing evidence." *Cozzone v. AXA Equitable Life Ins. Soc. of the U.S.*, 858 F. Supp. 2d 452, 458 (M.D. Pa. 2012) (citing *Klinger v. State Farm Mut. Auto. Ins. Co.*, 115 F.3d 230, 233 3d Cir. 1997)).

Specifically, State Farm contends that the plaintiffs have failed to provide clear and convincing evidence that State Farm did not have a reasonable basis for denial of benefits under its insurance policy. (Doc. 41, at 3). In deciding whether an insurer had a reasonable basis for denying benefits, a court must examine what factors the insurer considered in evaluating the claim. *See Terletsky v. Prudential Prop. &*

*Cas. Ins. Co.*, 649 A.2d 680, 688–89 (Pa. Super. Ct. 1994). "Bad faith claims are fact specific and depend on the conduct of the insurer vis à vis the insured." *Condlio v. Erie Ins. Exch.*, 899 A.2d 1136, 1143 (Pa. Super. Ct. 2000)). "[M]ere negligence is insufficient for a finding of bad faith under Section 8371…." *Rancosky v. Washington Nat'l Ins. Co.,* 170 A.3d 364, 374 (Pa. 2017). Recklessness on the part of the insurer, however, can support a finding of bad faith. *Id.* Upon review of the record, we find that the plaintiffs have created a genuine dispute of material facts concerning whether State Farm acted in bad faith when denying the plaintiffs' claim.

State Farm argues that courts have routinely held that an insurance company acts with a reasonable basis when it conducts "a review or investigation sufficiently thorough to yield a reasonable foundation for its action." *Turner v. State Farm Fire & Cas. Co.*, 260 F. Supp. 3d 419, 425 (M.D. Pa. 2017). It avers that the record indicates that State Farm had a reasonable basis to deny benefits under the policy as State Farm conducted a sufficient investigation to support a reasonable basis when denying benefits under the policy. In its consideration of whether to deny the plaintiffs' coverage claim, State Farm's engineer inspected the house and relied on the following factors in his report: (1)

location of the pipes, fittings, and valves; (2) temperature patterns inside and outside the house during the extended period; (3) electric, water, and heat usage within the house; and (4) the amount of heat needed to maintain a 55-degree temperature.[3] The engineer concluded, based on his analysis of those factors, the following:

> 2) Heat was not maintained in the house in the areas of pipe separation/rupture and valve damage in late December 2022.
>
> 3) Ohad Gal failed to use reasonable care to maintain heat in the house at 192 George Dr, Jefferson Twp, PA to prevent damage from water freezing in the domestic water pipes.
>
> 4) Failure to maintain heat in the house was the cause of water freezing in the domestic water system, damaging to the piping and valves and subsequent water damage.

(Doc. 46-1, at 7–8). State Farm contends that its investigation of the damage to the plaintiffs' home was thorough, and the investigation showed no bad faith in its decision to deny the plaintiffs' claim.

However, the plaintiffs have argued that State Farm acted in bad faith when it issued a denial letter without a final report from State

---

[3] These factors represent a non-exhaustive list of those considered by State Farm.

Farm's expert, Mr. Zazula, after specifically requesting the report for consideration. (Doc. 45, at 2). Indeed, State Farm introduced evidence that Mr. Vanhouwe determined "there was no need for a final report as the answers to the questions clearly document [the plaintiff's] failure to adhere to the policy." (Doc. 46, at 7) (quoting Exhibit "F"). State Farm contends that Mr. Zazula's report was unnecessary in its determination to deny coverage. (*Id.*, at 6–7). But whether State Farm acted in bad faith by denying the plaintiffs' claim without Mr. Zazula's expert report is ultimately an issue of fact that is best left for the jury. *Anderson*, 477 U.S. at 255 ("Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge, whether he is ruling on a motion for summary judgment or for a directed verdict."). At a minimum, the plaintiffs have established the existence of a genuine dispute of material fact as to their bad faith claim, and thus, we cannot grant State Farm's motion for summary judgment on this count. For this reason, we will deny State Farm's motion.

### IV. Conclusion

For the foregoing reasons, we will deny State Farm's motion for

partial summary judgment concerning the plaintiffs' statutory bad faith claim.

    An appropriate order follows.

Dated: July 29, 2025                    *s/Joseph F. Saporito, Jr.*
                                          JOSEPH F. SAPORITO, JR.
                                          United States District Judge